IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**  :  **CASE NO. 1:CR-05-074**
:
**v.**  :
:
**JOHN G. FAIRSERVICE, JR.**  :

## MEMORANDUM AND ORDER

Before the court is an appeal by Defendant of a finding of guilt by the magistrate judge for a petty offense violation of 18 U.S.C. § 13 and 75 Pa. Cons. Stat. Ann. § 3323.  This court has jurisdiction over this appeal pursuant to 18 U.S.C. § 3402.  Where the appeal is a challenge to the sufficiency of the evidence, the standard of review is "particularly deferential." *United States v. Hedarthy*, 392 F.3d 580, 604 (3d Cir. 2004) (citation omitted), *cert. denied*, slip op. No. 04-1265 (S.Ct. April 18, 2005).  "The verdict must be sustained if there is substantial evidence to support it, . . ." and can only be overturned if "after viewing the evidence in light most favorable to the prosecution . . ." no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 605 (citation omitted).

Defendant while contesting his conviction for failure to stop at a stop sign raises other issues which will be addressed.  Defendant claims the transcript of the trial was not signed by the court reporter.  This oversight was corrected and Defendant received a proper copy.  Defendant takes issue with the fact that an order by this court was dated February 23, 2005 but not docketed until February 24, 2005.

It is not unusual for documents signed late in the day to be docketed on the following day. This does not invalidate the order.

Defendant takes issue with the signature of the arresting officer on the violation ticket as well as the initials of Defendant's name on the ticket. Any challenge to the validity of the ticket should have been raised at the trial level. There was no issue raised during the trial that Defendant was not the offending party or that the officer who testified at trial was not the arresting officer.

Defendant also objects to the timeliness of his hearing. The ticket was issued on November 24, 2004, his hearing was on February 16, 2005. The Speedy Trial Act, 18 U.S.C. § 3161, does not apply to a petty offense. *See* 18 U.S.C. § 3172(2).

Defendant also raises issues such as "profiling" by the police, an equal protection claim, a prosecutorial vindictiveness claim and the lack of impartiality of the magistrate judge. None of these claims have any substance. The sole issue in this appeal is whether the verdict is supported by the evidence.

The court has read the transcript of the trial. As the magistrate judge noted, the issue before him was one of credibility. The police officer testified without cross examination by Defendant. In fact, Defendant made the following statement when advised he had the opportunity to question the officer: "Your Honor, I'd rather not dispute anything that the officer has said." (Transcript (Tr.) at p.8, lines 21-22.)

Subsequently, Defendant took the stand and disputed the claim that he failed to stop at a stop sign. During the course of his testimony, Defendant was

asked, ". . . you weren't sure whether you stopped a little past the stop sign or not, is that correct?" (Tr. at p. 13, lines 14-16.) Defendant's reply was as follows:

> A. Well, you know, to be quite honest with you, you know, this was Thanksgiving Eve. The base had closed an hour before. I had, you know, I had worked late because I'm a computer person, and I was fixing the Navy's computers that evening. I worked, you know, way past – they let the base out early that day at 4:00, and I was working until 6:30.
> I had about a six hour drive to get down to Richmond that evening, which I was already many hours behind. I can honestly tell you that I was in a hurry, and my mind – you know, even though I realized that there was a police officer following me, you know, I was being quite attentive to my speed and, you know, the fact that I was, you know, coming on a stop sign and he was following me.
> So I paid very close attention that I was coming to a complete stop. However, I didn't want to loiter there.

(Tr. at p. 13, line 17 to p. 14, line 9.)

The magistrate judge was in the best position to determine credibility – not only from the testimony but from the added advantage of observing the demeanor of the witnesses.

Based on the foregoing, this court finds there was substantial evidence to support the verdict of guilt. **IT IS THEREFORE ORDERED THAT** the judgment of the magistrate judge is **AFFIRMED** and the captioned appeal is dismissed. The Clerk of Court shall close the file.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: June 14, 2005.